v. Gary Ferguson  Take your time. Our last case is David Beem v. Gary Ferguson.Case differenced.  Case number 16-11842. Mr. Beem, we know you are here pro se, so we're just going to engage in a conversation and have a talk about this case when you get up. If there's something you don't understand, you can certainly ask one of us and we'll try to make ourselves a little bit clearer. Have a seat, Mr. Feldman, whenever you're ready. Good morning, Your Honors. May it please the Court, Jonathan Feldman on behalf of Gary Ferguson. Your Honors, we're here for two reasons today. The first reason is the District Court erred in finding that Mr. Beem's 523 complaint was timely, pursuant to the relation-backed to an earlier filed pleading in the same action. That did not happen here. To understand exactly, we have to get into the interplay of the bankruptcy rules. The first rule of consequence with respect to 523 actions is Rule 4007. Rule 4007 sets up the rules of engagement with respect to 523 actions in bankruptcy court. It requires that a complaint be filed. It sets a deadline, and then it dictates that the 7,000 rules govern 523 actions. The 7,000 rules, Your Honor, are specific federal rules of civil procedure that are incorporated with respect to adversary proceedings. The second rule of consequence that's important for this case is the 7,000 rules themselves. Rule 7001, for example, requires or dictates that a 523 action is an adversary proceeding. Rule 7003 provides that an adversary proceeding is commenced by the filing of a complaint. Rule 7007, which is just Federal Rule of Civil Procedure 7, dictates or delineates what is a pleading versus what is not a pleading. Other rules within the 7,000, for example, 7,010 dictate that every pleading must have a caption, every complaint must name all the parties. Let me ask you a couple of questions. First, as I understand, you have really two issues about this was not filed in the correct action. It was filed in the bankruptcy proceeding as opposed to an adversary proceeding. Not exactly, Your Honor. What happened is that a motion was filed in the main bankruptcy case instead of a complaint being commenced in an adversary proceeding. All right. Now, with regard to whether this is a motion or whether it's a complaint, it looks similar to a complaint. It has everything that you would expect a complaint to have except a caption. Is it your position that if someone just makes a topographical error and captions a document incorrectly, let's assume that they file it in the correct place, that it's an adversary proceeding, but it was captioned, motion to admit Prohog V.J. instead of a complaint, but just the caption was wrong. Is your position that that makes the filing incorrect? Your Honor, we would concede that under the liberal pleading standard found in Rule 8 that if you miscaptioned a filing within an adversary proceeding, but it had and looked like a duck, smelled like a duck, and whacked back like a duck, it's a duck. Yeah, so we would concede that point, but that's not what happened in the facts here. Have you argued on appeal that the motion lacked any of the substance that would be required in a complaint other than the way it's captioned? No, Your Honor. We did not take that position in our appellate brief. We would note, though, in the record that's presented to the court that we actually did move to dismiss the initial pleading of the adversary proceeding, and count one was this dischargeability action in which the court granted the motion to dismiss with leave to amend. But specifically for our purposes, we're not arguing here whether or not it actually was a dischargeability action or not. How do you reconcile your position with the federal rules of civil procedure notice pleading if the substance is the same as between the motion and the complaint that you say should have been filed? So, with respect to Rule 8, we do concede that point, but it's the other rules that have not been complied with. Again, relation back only can apply to an earlier filed pleading in the same action. Adversary proceedings are not the main bankruptcy case. You commence a main bankruptcy case by the filing of a bankruptcy petition. You commence an adversary proceeding by the filing of a complaint. If you look at the captions in the underlying bankruptcy litigation, it's readily apparent. You have in re Gary Ferguson with an assigned file number to it. You then have below that. Are there any authorities in the bankruptcy context that support this argument that you're making? Your Honor, we look to the Mendenhall decision, which is an unpublished decision by this circuit, but nonetheless, we think the ruling in that case would dictate the ruling here. Why do you think Mendenhall is correct? And I understand that there's a lot of good policy and a lot of good institutional reasons for not allowing a court to retroactively change a deadline that is set by statute or rule or by Congress or the like. But if the court arbitrarily sets a deadline, what is so magical about that deadline that is court imposed that doesn't allow the court in an effort to do justice to go back and let someone have an extension retroactively? Why is Mendenhall right on that score? Because it requires understanding the interaction between Rule 4007 and Rule 9006. Rule 9006 B1 dictates that a court can employ an excusable neglect standard with respect to certain time deadlines in a bankruptcy context. Rule 9006 B3, however, dictates that the standard set forth for 4007C is what governs. So excusable neglect, as Mendenhall correctly noted or held, is that 4007C has no excusable neglect standard. As the case law with respect to creditors is that creditors need to speedily act or forever yield their rights. And that's exactly why when Your Honor asks when the court can do justice, 4007C doesn't allow for that. You either do it or you don't. I guess the way I would put it colloquially, Your Honor, is close is perhaps good for horseshoes and grenades, but close isn't good enough in the context of 4007C in a 523 action. So with respect to Mendenhall Does that go for any deadlines in a 523 action or just the filing of a complaint? With respect to filing the complaint, and to be specific, commencing an adversary proceeding, which includes the filing of a complaint. But everything else in that action is sort of more loosey-goosey? It would be no different than any other civil proceeding in a district court that to the extent there was a basis to grant excusable neglect with respect to a filing that's missed or something's done improperly, then yes, the court, if appropriate, can look to an excusable neglect standard. But excusable neglect, as Mendenhall noted and held, is that it's completely improper in the context of the 523 and 4007C deadline. Even though you can extend it ahead of time? You can extend it, but you have to follow that motion to extend the deadline prior to the expiration of the deadline to file your complaint. So in this case, that's actually what happened. But if you can move the deadline, what's so magical about the deadline? 4007C dictates that it's a magical deadline, that it's a hard and fast deadline. Either do it, or if you don't, you lose your rights. And so, Your Honor, what we have here with respect to relation back is what the court, the district court, noted two decisions. And we concede there's many other decisions that were in Dominguez's decision out of the Ninth Circuit, as well as the Levine decision, which is a Middle District of Florida bankruptcy case. And now, Dominguez, with all due respect to that court, is incorrect for three reasons. First, in Dominguez, the court noted that you had to file a complaint with respect to the discharge action that was applicable in that case. But then it went on to hold that the filing in a main bankruptcy case could somehow be deemed a complaint without giving any real consideration to the 7,000 rules that I previously discussed. But where Dominguez really is critically wrong is that, again, there was no commencement of an adversary proceeding. So outside of bankruptcy, you cannot use relation back with respect to a pleading filed in another case. And similarly, the same result should occur, which should happen here. But, you know, there's a rule, and I don't know how it plays out in the bankruptcy context, so I'm just ruminating, I guess. But there is a provision in the federal rules or in a federal statute in Title 28 that says if something is filed in the wrong court, you know, that court has no problem in transferring it to the appropriate court. So if we have a notice of appeal filed with us and it's supposed to be filed in the district court, we don't just toss it. We send it to the district court for filing as of the date it was received here. So how does that play out in this case? If they had filed an adversary complaint in the main bankruptcy case and styled it incorrectly, what would the result be? It's not possible. In other words, when... Yeah, it's possible because they make a mistake. Well, it is possible to make a mistake, and that could be excusable neglect, but that doesn't apply in a 4007C in the filing of 523 action. But more... Okay, so if they file an adversary complaint, but they mislabel it, right, and they filed it in the main bankruptcy case, what happens? They call it, you know, a motion to dismiss, but everything else except that style of the document, the pleading, is a complaint. What happens? The record's not before your honor, but I would just tell you it's not possible from the clerk's office. The way you file an adversary proceeding is you actually have to initiate it. There was a specific process in initiating... I know, but the clerk's office makes a mistake too, because a clerk who sees it says, oh, motion to dismiss, I'm filing it. Doesn't look through it to see whether it's really a complaint or not, because the first couple of paragraphs on the first page are sort of, you know, boilerplate. And so the clerk of the bankruptcy court files it, and only later do people figure out, oh my God, this was supposed to be an adversary in a completely new proceeding. So what happens then? So I think Mendenhall actually guides that analysis. In Mendenhall, the court entered an order that was perhaps a little bit confusing as to when the actual deadline ran, and in that case, the deadline, the court ruled that actually was the earlier deadline under its order should be enforced, not a later deadline that could be interpreted under the order as well. And the court said the creditor needed to follow the process and take action and be diligent, and it failed to do so. So in your honors hypothetical, the creditor would have to follow what's going on, see there's a mistake, and take immediate action. And perhaps that's after the deadline, and that result would probably... that would probably result in the creditor also being out of luck. But the bankruptcy court... You don't believe in that hypothetical. The bankruptcy court could then just tell the go ahead and start a new adversary proceeding here with a date relating back to the date it was filed? If the court actually did determine that that was an adversary proceeding, and that relation back... well, it's not even really a relation back issue. No, but you're going to take it as of the date that it was submitted, filed, so that it would be timely. Let's say the creditor beat the deadline by seven days, but he filed it in the main proceeding and called it a motion to dismiss. He forgot to change the caption from something that he had filed before. And the bankruptcy court figures it out two weeks later and says to the clerk, okay, start an adversary proceeding with this document, which is really a complaint, but you're going to file it with a filing date of whenever it was actually filed in the main case. Is that permissible? Possible? I'm not trying to avoid answering your honor's question. It's just as a matter of process, you can't do that. In other words, you file it in the main case, you're filing in the main case, there's no way for you to file a commensurate adversary proceeding under the clerk's rules and how it works to actually then somehow file it mistakenly in the bankruptcy court and the main bankruptcy case. It can't be done. Well, but I'll tell you where the analogy is. Analogizing between criminal law and bankruptcy is dangerous. I'm the first one to admit it, but I'll tell you why I'm thinking about it so you know at least where I'm coming from. A defendant in a criminal case has a criminal case caption, right? You know, case number 2017, CR blank, blank, blank, blank, CR Jordan. Person gets convicted, gets sentenced, appeals, all direct appeals are done, wants to file a motion to vacate, which under federal law is technically a civil action under Title 28 of the U.S. Code. But instead of filing a habeas action on the civil side and telling the court that he wants to initiate a habeas case, he files something styled a motion to vacate as a motion in the criminal case and judges, at least in this district, see that happen from time to time and all they do is tell the clerk of the court, hey, he's trying to start a motion to vacate proceeding under 2255 of Title 28. Go ahead and initiate that and transfer it over to that side of the docket. So at least that's where my thinking is. It may have no analogy whatsoever to the bankruptcy side. Yeah, and all I can answer to that is that, again, 4007C sets some very strict deadlines as noted in the Bend the Hall decision. And again, you either got to comply with that deadline. It's a pass-fail test. You either do what you're supposed to do or you fail. And that's why Dominguez is wrong. The third reason, which is very simply the artistic license that the decision takes with respect to the bankruptcy rules is masking a very straightforward issue, is the creditor's lawyer made a mistake. And in Dominguez, the court said, we don't want to hold the creditor accountable for its lawyer's folly. But however, in Mendenhall, the court did exactly that. And so Mendenhall, if you miss the deadline and therefore you're out of luck, similarly, if you negligently don't follow the process and miss the deadline, you should also be similarly out of luck. Thank you. All right, Mr. Feldman, thank you so much. You've saved your time for rebuttal. Thank you, Your Honors. Mr. Beam, come on up and talk to us about this. It will be a little primitive, but that's okay. It's not a problem. Okay, David Beam Pro Se for David Beam, okay. Obviously, I'm getting an education as I go through ten years of this. So trying to decipher what everybody was saying there. Well, let me see if I can sort of, well, I don't want to interrupt. Okay, I just kind of have a path. And I think, I don't know that counsel mentioned to say that we did file what was a motion within the deadline October 5th. And I believe what you guys were explaining, Your Honors, I'm sorry, where it was that that had the same body. It was just titled wrong. And that was within the deadline. And we filed that on October 5th. There's no dispute about that. Everybody agrees that you, through your lawyer, filed this document, styled a motion to dismiss in the main bankruptcy case. And that was filed within the period of time during which an adversary proceeding should have been filed. Everybody's on board with that. The question is, legally for us, what effect did that filing have or could have had? That's really the overall issue that we're trying to grapple with. Well, obviously, the judge was able to take judicial notice, I guess, of that filing and understand that after we did find that it was titled an error, and there's a lot of cases, like there's no cases that I know that are disputing that it can be . . . They go back. They revert back to that original filing. And then the amended, so to say, refiling of the case with the proper heading was done, in fact. And that was held up, too, by the district court as well. Right. The district judge agreed with your position that this document essentially was the equivalent of a complaint and therefore it related . . . when you filed the actual adversary, it related back to the date of this motion. The date of the 5th, which was considered timely. I think one other issue would be that this was never raised prior to the second appeal by counsel, which should make this Your argument is that Mr. Ferguson raised this equitable tolling argument only on appeal to the district court but did not raise it appropriately in the bankruptcy court. Yeah. Initially and in their first appeal that was, I believe it was dismissed. And they did not raise that so that they didn't preserve this argument. In the bankruptcy court? In the appeal. Well, they did . . . In the circuit court, yes, sir. Yes, Your Honor. But this time, okay, my understanding was that it was raised to the district court but had not, possibly not been raised in the bankruptcy court. Is that the same thing you're saying? The issue was not raised in the brief. It is not an issue. Okay, we'll certainly take a look at the record and the sequence of events and filings on that point. Yeah, the court denied that motion on 11-1 of 16 when Ferguson raised the issue of motion to strike in his answer brief. The court denied that motion and the issue was not raised or preserved. The way that I'm understanding it is that if this ends up going back to Judge Isikoff, then I guess we would just amend the filing and correct that error if it had to start again. The complaint relates back to the original submission. Defendant's motion to dismiss complaint is untimely, should be denied. In Ree Levine, 132, B.R. 64, sorry, a little dyslexia, 464, 467, that's Florida, 1991, and I've got five cases here. And they all chose to hold up the same thing, that you can revert back to that. They had all identical, almost non-identical scenarios with going back to amending that and adopting that date as filed timely. They've had a lot of bites at this thing and I got destroyed, this whole thing. This was an abusive process case and in an abusive process case, it's non-dischargeable. It's non-dischargeable. Judge Isikoff did the right thing and I believe her ruling is right. Lawyers do make mistakes, trust me. I probably wouldn't be here ten years later if they didn't make quite a few of them. Unfortunately, I'm the sacrificial lamb in the middle of this whole thing and my judgment has been watered down so bad, it's completely ruined me. I'm really hoping that I can count on the system that's here to protect my rights to continue to do so and hopefully side with the fact that two courts did make the correct decision here and that my judgment, summary judgment is non-dischargeable. Verdict actually. I have an award, a verdict award and there's still other things to be decided on the civil end. But anyway, I just hope that you guys all agree with my argument here today. All right, Mr. Beam, thank you very much for coming in and speaking to us. Do you have any other questions for me? I don't. Okay. Thank you very much. We'll certainly take a very close look at it and consider carefully the arguments that both of you have made. Mr. Feldman, you have your rebuttal time available. Your Honor, just some very brief comments. First, timeliness has always been front and center in the connection with this adversary, proceeding our motion to dismiss, which is part of the record, specifically and directly argues the issue of relation back as well as equitable tolling, but it's specifically addressed in our motion to dismiss, which was denied by the Bankruptcy Court. We never filed an answer to this complaint. There was a pending motion to dismiss at the time the motion for summary judgment was filed, but had we filed an answer, timeliness would have been one of our affirmative defenses as well. This case . . . I didn't realize this. This case went to summary judgment and to trial without you filing an answer? That's correct, Your Honor. Why didn't you file an answer once the motion to dismiss was denied? Isn't that the next step in the sequence, even though you object to what the court did? A motion to dismiss was denied, and then an amended complaint was filed. At that point in time, we then filed a subsequent motion to dismiss. It was briefed. There was never a court hearing or an adjudication of that motion to dismiss. While that motion to dismiss was pending, Mr. Beam filed his motion for summary judgment, which the court then considered and ruled upon. This may not matter, but did you tell the court that it couldn't proceed to summary judgment on the merits until the case was at issue? Your Honor, in the summary judgment hearing, we again preserved our arguments on the timeliness or the lack thereof of respect to this complaint, and the court then still proceeded to go forward on the motion . . . No, no. I know, but my question concerns a different procedural issue. Just for my edification, I don't think it affects what we have here today, but normally, one of the things that a litigant can tell a district court is, until you adjudicate my motion to dismiss one way or another, the case is not at issue. If the case is not at issue, you can't proceed to a determination on the merits, regardless of whether you, judge, get the motion to dismiss right or wrong. That argument was not discussed, not raised? From reviewing the transcript of the motion for summary judgment, which is also part of the record, I did not see that specific argument. The argument that was made by counsel in the bankruptcy court was that there are issues, genuine issues of material fact . . . Right, that summary judgment should not have been granted on that claim. Correct. But the issues raised, those genuine issues of material fact, would have been the denials with respect to any complaint that would ultimately go forward and would have to be proven. Your Honor, the second issue I just want to briefly address is equitable considerations. Equitable considerations don't dictate the outcome here. In Mendenhall, one could credibly argue that what happened to the creditor in that case was unfair. It was a deadline that was missed just by a few days. In that case, there was some confusion with respect to the court's order, but nonetheless, the court adhered to the rigid standard that's set forth in 4007C. Your Honors have no further questions. I rest on the merits of my brief.  Thank you very much, Mr. Weiss. Thank you again. We'll take a very close look at the case before figuring out what to do. We're in recess for the week. Thank you very much.